## STATE v. BEN KAPLAN.[1]

December 28, 1923.

No. 23,773.

**Conviction for violation of building ordinance sustained.**

> The making of an opening 10 feet square through the wall of a public garage, not indicated on the plans filed with the inspector of buildings upon which the building permit was issued, is a change in a structural part of the building and therefore prohibited by section 15 of the building ordinance of Minneapolis, unless the written consent of the inspector of buildings is first obtained.

Complaint against defendant in the municipal court of Minneapolis for violation of a city ordinance. The matter was tried before Reed, J., who found him guilty. From the judgment sentencing him to 15 days' imprisonment in the workhouse and from an order denying his motion for a new trial, defendant appealed. Affirmed.

*William B. McIntyre,* for appellant.

*Neil M. Cronin,* City Attorney, and *Thomas B. Kilbride,* Assistant City Attorney, for respondent.

STONE, J.

Defendant appeals from his conviction of a violation of section 15 of the building ordinance of Minneapolis.

The case arises from defendant's construction of a one-story public garage. A plan of the work was filed with the inspector of buildings and a building permit issued. The garage was built against a store building owned by defendant and fronting on Lyndale avenue so as to make the rear wall of the store building the east wall of the garage. The plans, submitted to and "examined and approved" by the building inspector and upon which the permit was issued indicated the wall common to the two buildings by a single white line labeled "present building brick wall."

The new walls to be built for the garage were indicated, in the manner usual to architectural draftsmen, by scale drawings show-

[1]Reported in 196 N. W. 648.

ing thickness of the walls and all openings, windows or doors, proposed to be made therein. No openings were indicated in the wall of the old building against which the garage was to be built.

During the progress of the work and without the written consent of the building inspector, defendant made an opening 10 feet square through the old wall from the garage into the store building. The purpose, if it be material, was to open a driveway from the garage through the store building onto Lyndale avenue. In other words, the purpose was to make an automobile entrance to the garage where the plans indicated none.

The ordinance made a "permit from the inspector of buildings" a legal prerequisite to defendant's construction of his garage. Such permits are granted only after the filing of plans. Substantial deviations from those plans are prohibited, unless the written consent of the inspector of buildings is first procured in the manner indicated by the ordinance. This prohibition is followed by a proviso "that changes that do not involve any alteration of the structural parts of such building or structures, or their stairways, elevators, fire-escapes, halls, means of ingress or egress * * * and are not in violation of any provision of this ordinance, may be made without such written consent of said inspector."

The prosecution has proceeded mainly upon the theory that because the unauthorized opening was for a new means of ingress or egress it was a violation of the ordinance, because expressly excluded from the proviso. That theory may be somewhat open to attack upon the ground that the reference in the proviso does not expressly prohibit a new entrance, but seems to refer only to changes in "means of ingress or egress" already existing or shown upon the plans as filed. We do not pass upon that question because we are unable to escape the conclusion that the making of the 10′ by 10′ opening in an outside wall of the garage, which was at the same time a wall common to it and the adjoining store building, was a change in a structural part of both buildings, and, therefore, however inexpensive the alterations might have been, was clearly within the prohibition of the ordinance.

The circumstance that the draftsman did not draw on the garage plans the wall in question with the same detail as to scale and otherwise, as he did the other walls, does not alter the representation made to the building inspector by the plans. The representation was to the effect—just as clearly so as if it had been put in precise and affirmative written statement—that the brick wall of the store building, in its then condition as to openings or otherwise, was to be used as a wall of the garage. The opening made by defendant was not in the old wall and was not indicated on the plans. Clearly, therefore, it is a deviation from them and a departure from the affirmative representation made through them to the inspector of buildings, and a change in a structural part of the proposed building. Therefore defendant was properly convicted.

It does not help defendant any that his permit for the erection of the garage states the location of the new building as at 532 Lyndale avenue north, for the opening in question would be no less a change in a structural part of the wall through which it is made were it built directly on Lyndale avenue.

Defendant testified, and there is nothing to cast doubt on his statement, that he applied at the office of the inspector of buildings "for a permit to open up this old building for a driveway into the garage;" that he was then asked how much the change would cost, and upon stating that it would be about forty or forty-five dollars, "they" told him that if it would not cost more than fifty dollars he did not need a permit. If the disclosure of his intentions at that time was frank and complete, there is, of course, an element of injustice in punishing him for his reliance upon the resulting assurance that he needed no permit. But the law-making power, exercised through the city council, prohibits such a structural change except with the written consent of the inspector. We are not at liberty to amend the ordinance by creating exceptions in favor of one, however innocent his intentions, who makes such a change without the written permission which is so clearly a condition precedent to the right to proceed. To hold that the testimony of oral assurance from some unidentified subordinate in the office of the inspector of buildings may in any case take the place of the written permission

required by the ordinance, would be an act legislative rather than judicial in character. In consequence it would be an invasion of the legislative power of the city council. Such a solution of the matter is therefore prohibited to us.

The other assignments of error call for no discussion. There is nothing in the case warranting a reversal.

Order affirmed.